[No. 24238. Department One. March 21, 1933.]

HARRY VELLIAS, *Respondent*, v. FIFTH-PIKE
CORPORATION, *Appellant*.[1]

*Stedman & Stedman,* for appellant.

*Ryan, Desmond & Ryan, Howard W. Sanders,* and
*S. E. Katopothis,* for respondent.

MITCHELL, J.—Joyce's, Inc., as a tenant, operated
a restaurant at 509 and 511 Pike street, Seattle, Wash-
ington. The corporation became financially em-
barrassed in July, 1931, and shortly thereafter became
insolvent. Harry Vellias and Fifth-Pike Corporation,
a corporation, commenced negotiations in July, 1931,
that resulted, in the month of August, 1931, in a con-
tract by which the Fifth-Pike Corporation let and
demised unto Harry Vellias the restaurant premises
for a term of years commencing October 1, 1931, and
agreed to furnish therewith certain personal property,
of which the lessor was not the owner, consisting of
restaurant fixtures, furniture and equipment, and

[1]Reported in 20 P. (2d) 14.

dishes, pots, pans, cooking utensils, silver, linen, cutlery and glassware, then on the premises.

The lessor was unable, and failed or refused, to comply with the terms of the lease, whereupon the lessee, acting under the provisions of the lease, gave notice terminating it and demanding return of four thousand dollars already paid and the return and delivery of a three thousand dollar promissory note the lessee had given to the lessor and two assigned passbooks issued by the Home Savings & Loan Association, furnished by the lessee as collateral to the promissory note. The demands not being complied with, this suit was brought against the Fifth-Pike Corporation. Judgment was entered according to the allegations and prayer of the complaint and the prior written demands in the written notice to the defendant. The defendant has appealed.

The assignments of error, reduced to plain terms by the appellant, raise the sole question of whether the evidence justifies a recovery by the respondent.

The respondent paid the appellant $1,500 on July 22, 1931, and $2,500 on August 1, 1931. The written lease was signed and acknowledged by the respondent on August 1, 1931, but, because appellant desired further time in which to arrange for the delivery of the restaurant property, both real and personal, the appellant deferred dating and signing the written lease until August 10, 1931, at or about which time there was an oral modification of the contract to the extent of fixing a later date for delivery of the property.

About August 1, 1931, Joyce's, Inc., made a common law assignment for the benefit of creditors to the Seattle Association of Credit Men. The assignee, without qualifying, took temporary charge of the property to ascertain the situation, and, upon decid-

ing that the restaurant business and property were not worth as much as the amount of the preferred claims already against it, not including, of course, any claim on the part of either party to this action, on August 10, 1931, gave Joyce's, Inc., and its creditors notice of abandonment of the property or refusal to exercise any right under the common law assignment. About this time, by appointment on August 12, 1931, and qualification on August 13, 1931, a temporary receiver took possession of the assets of Joyce's, Inc., which temporary receivership was later changed to a permanent receivership that has continued at all times since, at least to the date of the trial of the present action in June, 1932.

Without taking possession of the premises, the respondent was permitted by the occupant of the premises to plan and commence some slight changes in the interior of the restaurant. The appellant stresses the fact that it delivered to the respondent's agent an inventory of the articles in the restaurant, and delivered a key to the restaurant, upon which the argument is based that that conduct amounted to a delivery and acceptance of the property. That transaction, however, occurred away from the premises, and involved an unwarranted assumption, upon which respondent's agent relied, that the appellant had the right to deliver possession. At the time it took place, the appellant had no right of ownership or possession of any of the personal property in the restaurant, nor the right to attempt to deliver it to respondent. The respondent did not and could not take possession at that time, nor at all, and returned the key to appellant. Clearly, it was the fact, as the judgment of the trial court necessarily indicates, that appellant never was able to deliver, nor did it ever deliver, the prem-

ises or the personal property, or any portion thereof, to the respondent.

One of the covenants of the lease is as follows:

"It is further understood and agreed that the lessor does not now have possession of the demised premises, and may not be able to acquire the same; and further, that it does not now own the fixtures and equipment which are included in the property leased hereunder, and which property shall be described in an inventory hereto attached. It is further understood and agreed that the lessor will endeavor to acquire the dishes, pots, pans, cooking utensils, silver, linen, cutlery and glassware in said premises, and if the same are acquired the lessor will sell the same to the lessee for the sum of Two Thousand ($2,000) dollars cash, providing the above referred paraphernalia are reasonably worth said amount. *It is understood and agreed that in event the lessor is unable to get possession of the premises and purchase said fixtures, dishes, pots, pans, silver, linen, cutlery, and glassware within ten (10) days from the date hereof, then this lease shall be declared terminated and the consideration for the same repaid to the lessee.*"

The judgment in this case complies strictly with the terms of the contract in the event of failure of appellant to meet its obligations. That it has failed to meet them in all respects, has been established by a clear preponderance of the evidence.

Affirmed.

BEALS, C. J., HOLCOMB, PARKER, and MILLARD, JJ., concur.